IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANIMAL LEGAL DEFENSE FUND,

    Plaintiff,                       19cv0040
                                         ELECTRONICALLY FILED

    v.

KIMBERLY ANN LUCAS, *doing business as*
FARMERS' INN,

    Defendant.

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Dismiss (ECF 13) and its Brief in Support of same. ECF 14. Plaintiff filed a Response in Opposition. ECF 18. Defendant filed a Reply. ECF 19. The Court will grant in part and deny in part the Motion to Dismiss for the reasons set forth herein.

**I. Standard of Review**

    **A. Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**B. Rule 12(b)(1)**

A similar standard is used when ruling on a Motion to Dismiss for lack of standing. *Warth v. Seldin,* 422 U.S. 490, 503 (1975). A motion challenging standing implicates the Court's jurisdiction, and falls under the rubric of Fed.R.Civ.P 12(b)(1). *Maio v. Aetna, Inc.,* 221 F.3d 482 n 7 (3d Cir. 2000). A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).

## II. Factual Allegations

Plaintiff, a national non-profit organization, sued Defendant for the alleged mistreatment and alleged inadequate conditions of captivity of numerous animals housed at Defendant's facility. ECF 1. Plaintiff alleged that some of the animals include endangered species, specifically a ring-tailed lemur, a black leopard, a gray wolf, and hyacinth macaw. Id.

In the Complaint, Plaintiff alleges that members of the organization visited Defendant's facility where they made several observations, took photographs, and also obtained expert veterinarian analysis of the animals and their living conditions. Id. The Complaint further sets forth the specific ways in which all of the animals are allegedly being harmed by Defendant. Id.

Examples of the allegations which assert Defendant subjects the animals to poor treatment and poor living conditions include: a "customer feeding program that permits and encourages visitors to feed the captive animals 'animal crackers' and other types of processed

foods not suitable for animals." Id. The Complaint also notes that many of the animals are kept in allegedly "cramped and filthy enclosures" which purportedly fail to provide adequate shelter from the weather, a "lack of freshwater and suitable food," as well as near isolation or complete social isolation for animals that are social by their very nature. Id.

**III. Analysis**

Plaintiff brought this lawsuit in accordance with the Endangered Species Act and the Pennsylvania Public Nuisance doctrine. Defendant has claimed that all or part of this lawsuit must be dismissed for three reasons: (1) the Complaint is not pled with the requisite specificity under the *Iqbal/Twombly* standard; (2) Plaintiff's cause of action under Pennsylvania's Public Nuisance Doctrine (Count III) is inadequate as a matter of law; and (3) Plaintiff lacks standing to sue Defendant under Pennsylvania's Public Nuisance Doctrine (Count III).

With respect to Defendant's first reason for dismissal – that the Complaint is not pled with the requisite specificity – the Court disagrees with Defendant. The statements set forth in the pleading provide a factual basis upon which Defendant knows the basis for the claims asserted and can proceed with an informed discovery period so as to prepare to mount a defense. Thus, the Complaint meets the *Iqbal/Twombly* standard.

Defendant's second reason for dismissal – Plaintiff has failed to assert an adequate cause of action under Pennsylvania's Public Nuisance doctrine – is less clear. However, at this juncture of the legal proceedings, the Court finds Plaintiff pled an adequate claim under Pennsylvania's Public Nuisance Doctrine.

The law of "public nuisance," as defined by Commonwealth Court of Pennsylvania, adopting the approach taken by the Restatement of Torts reads as follows:

> (1) a public nuisance is an unreasonable interference with a right common to the general public.
>
> (2) circumstances that may sustain a holding that an interference with a public right us unreasonable include the following:
>
>> (a) whether the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort, or the public convenience;
>>
>> (b) whether the conduct is proscribed by statute, ordinance or administrative regulation, or
>>
>> (c) whether the conduct is of a continuing nature or has produced a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect upon the public right.

*Muehlieb v. City of Philadelphia*, 574 A.2d 1208, 1211 (Pa. Cmwlth. 1990) (*quoting* RESTATEMENT (SECOND) OF TORTS § 821B (1979); see also *Greyhound Lines, Inc. v. Peter Pan Bus Lines, Inc*., 845 F. Supp. 945 (E.D. Pa 1994).

Applying the above law of public nuisance to the Complaint filed in this matter, the Court finds that the Complaint contains adequate, detailed information, which when taken as true, may support a claim for a public nuisance created by Defendant.

However, the final reason asserted by Defendant in support of dismissal – Plaintiff lacks standing to sue under Pennsylvania's Public Nuisance Doctrine – provides a sound basis for this Court to dismiss the Pennsylvania Public Nuisance claim.

As a threshold question, a Federal Court must rule on whether Plaintiff has standing to sue. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Organizations or associations, such as the one presently before this Court, may only have standing to redress injury to the organization itself or for wrongs done to its members. *Id.*, 422 U.S. at 511.

An organization has "associational standing" or the right to sue on behalf of its members when: "(1) the organization's members would have standing to sue in their own right; (2) the interests it seeks to vindicate are germane to the organization's purpose; (3) neither the claim nor the relief sought requires participation of the individual members." *City of Philadelphia v. Beretta U.S.A., Corp.*, 126 F.Supp. 2d 882 (E.D. Pa 2000), *citing, Hunt v. Washington Apple Adver. Comm.* 432 U.S. 333, 344 (1977); *Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron Inc.* 123 F.3d 111, 119 (3d Cir. 1997); *Public Interest Research Group of New Jersey, Inc. v. Powell Duffryn Terminals, Inc.*, 913 F.2d 64, 70 (3d Cir. 1990).

The United States Supreme Court developed a tripartite test for determining whether organizational plaintiffs and their members have standing to sue another as follows:

> (1) a plaintiff must show it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, or conjectural or hypothetical; (2) the injury is fairly traceable to the to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative that the injury will be redressed by a favorable decision.

*Friends of the Earth v. Laidlaw Envt'l Servs.,* 528 U.S. 167 (2000).

As applied to instant matter, the only allegations asserted by Plaintiffs with respect to the injur(ies) in fact, are found in paragraphs 94, 95 and 96 of the Complaint. In paragraphs 94 and 95, the Complaint discusses the "risk" of physical injury and the "risk" of transmitting zoonotic diseases. The allegations in paragraphs 94 and 95 do not to rise above the level of conjecture, and thus, these allegations fail the first prong of the tripartite test. Paragraph 96 states that the individuals who saw these animals, the animals' treatment, and their living conditions, were "upset" by what they saw at Defendant's facility, that these images have caused them "distress." The allegations set forth in paragraph 96 similarly fail to rise to rise to the level of an "injury in fact" as required by the Supreme Court's tripartite test.

Therefore, the Court finds that Plaintiffs have not met the requirements established by the Supreme Court in *Friends of the Earth*. For this reason, the Court will grant the portion of the Defendant's Motion to Dismiss pertaining to the dismissal of the Pennsylvania Public Nuisance claim (Count III), due to Plaintiff's lack of standing. All remaining claims against Defendant (Counts I and II) will proceed. An Order will be entered in accordance with this Opinion.

                                                s/Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:      All ECF Registered Counsel of Record