IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANIMAL LEGAL DEFENSE FUND,)
)
Plaintiff,)
)
vs.)
) Civil Action No. 19-40
KIMBERLY ANN LUCAS)
*doing business as*)
FARMERS' INN,)
)
Defendant.)

## **MEMORANDUM OPINION**

### **I. Factual and Procedural Background**

Plaintiff, the Animal Legal Defense Fund ("ALDF"), a national non-profit organization, commenced this action on behalf of its members in January 2019, alleging inadequate conditions of captivity of numerous animals housed at the facility of Defendant Farmers' Inn ("Farmers' Inn"), and sought injunctive relief under the Endangered Species Act ("ESA") and the Pennsylvania Public Nuisance Doctrine. (ECF No. 1). Farmers' Inn subsequently moved for dismissal of the Complaint. In an Order dated March 7, 2019, the Court dismissed Count III of the Complaint, which set forth a claim for Public Nuisance, and denied the motion as to Counts I and II. (ECF No. 21). In the accompanying opinion, the Court explained that although ALDF had plausibly alleged that a public nuisance existed, the allegations pertaining to injuries suffered by ALDF's members—i.e., risk of physical injury, risk of transmission of zoonotic disease, and being upset at what they saw at Farmers' Inn —were either too conjectural or otherwise failed to rise to the level of an "injury in fact." (ECF No. 20 at 5–6). Accordingly, the Court concluded that dismissal of the public nuisance claim was warranted because ALDF lacked standing to assert that claim on behalf of its members. (*Id.* at 7).

ALDF subsequently sought and was granted leave to file an amended complaint regarding its standing to pursue a public nuisance claim. (ECF Nos. 26, 34). In the Amended Complaint, ALDF alleges that its "organizational mission is to advance the interests and protect the lives of animals through the legal system." (ECF No. 37 ¶ 75). ALDF claims that its members who visited Farmers' Inn have "suffered injuries as a result of observing with their own eyes the inadequate conditions in which the animals" are kept there. (ECF No. 37 ¶ 75). Specifically, ALDF asserts that "its members were prevented from viewing and enjoying the animals . . . because of the inadequate and inhumane conditions" at Farmers' Inn. (*Id.* ¶ 76). Its members desire to return to view the animals, "but are unable to do so because of the current conditions." (*Id.* ¶ 77).

The Amended Complaint also references and attaches as exhibits the declarations of two of ALDF's members, Ms. Bennett and Dr. Welsch, both of whom are residents of Pennsylvania and have visited Farmers' Inn. (*Id.* ¶¶ 78) (citing ECF Nos. 37-3, 37-4). These declarations reflect that Ms. Bennett and Dr. Welsch were deprived of any ability to enjoy the animals during their visits because of the inadequate conditions in which they witnessed those animals. (*Id.* ¶¶ 80, 86). They have been unable "to return to enjoy viewing the animals while those conditions persist, notwithstanding [their] desire to do so, because of the distress [they] experienced" during their past visits. (*Id.* ¶¶ 82, 88). However, they are "committed to return to visit the animals . . . if the conditions are improved [at Farmers' Inn], or . . . the animals . . . are transferred to a sanctuary capable of meeting their species-specific needs." (*Id.* ¶¶ 83, 89).

On March 29, 2019, Farmers' Inn renewed its motion to dismiss Count III. (ECF No. 40). Farmers' Inn maintains that the additional allegations in the Amended Complaint fail to establish that ALDF has Article III standing to pursue the public nuisance claim on behalf of its members.

2

(*Id.*). This motion has been fully briefed and is ripe for resolution. (ECF Nos. 41, 44). For the reasons that follow, the Court will deny the motion to dismiss.

## II. <u>Standard of Review</u>[1]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the subject-matter jurisdiction of the court to address the merits of plaintiff's suit. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The first step in analyzing a jurisdictional challenge under a Rule 12(b)(1) motion to dismiss is to determine whether the "motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (quoting *In re Schering Plough*, 678 F.3d at 243). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). "But a factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the

---

[1] Farmers' Inn seeks dismissal of the public nuisance claim under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, "[a] motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)).

3

complaint, and it allows the defendant to present competing facts." *Id.* (citing *Constitution Party of Pa.*, 757 F.3d at 358).

If the defendant challenges jurisdiction in its Rule 12(b)(1) motion before answering the complaint or "otherwise present[ing] competing facts," the Rule 12(b)(1) motion is, "by definition, a facial attack." *Constitution Party of Pa.*, 757 F.3d at 358 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977)). When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering Plough*, 678 F.3d at 243 (quoting *Gould Elecs. Inc., v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Farmers' Inn challenges the Court's subject-matter jurisdiction based upon the allegations in the Amended Complaint before answering or otherwise presenting competing facts. As this challenge is a facial attack on the Amended Complaint, tthe Court will apply the Rule 12(b)(6) standard of review, i.e., it will consider the allegations of the Amended Complaint as true and construe them in the light most favorable to ALDF.

### III. Discussion

For an organization to have associational standing, i.e., standing to pursue a claim on behalf of its members, three elements must be satisfied: "(1) individual members must have standing in their own right, (2) the interest asserted must be germane to the purpose of the organization, and (3) neither the claim nor the relief requested must require the participation of the individual

4

members in the lawsuit." *Curto v. A Country Place Condo. Ass'n, Inc.*, 921 F.3d 405, 410 n.2 (3d Cir. 2019) (citing *Hunt v. Washington Apple Adver. Comm.* 432 U.S. 333, 344 (1977)). The first two elements are based on Article III constitutional requirements, while the third element is purely prudential. *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 556 (1996).

In seeking dismissal of the public nuisance claim, Farmers' Inn neither argues that ALDF's individual members lack standing, nor contests that ALDF seeks to protect interests germane to its purpose. (ECF No. 41 at 10). Instead, focusing on the third element, Farmers' Inn contends that ALDF lacks associational standing to pursue the public nuisance claim because Pennsylvania law requires direct participation of ALDF's individual members in this lawsuit. (*Id.* at 8). However, the Court will analyze all three elements of associational standing because it "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

### *A. ALDF's Individual Members Have Standing*

To establish Article III standing, a plaintiff "must allege facts demonstrating that he suffered (1) an injury-in-fact; (2) that is fairly traceable to defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision." *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 356 (3d Cir. 2018) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992)). To plausibly allege an injury-in-fact, a plaintiff must show that there was an "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560).

It is well established that "[t]he desire to... observe an animal species, even for purely esthetic purposes, is ... a cognizable interest for purpose of standing." *Lujan*, 504 U.S. at 562–63 (citing *Sierra Club v. Morton*, 405 U.S. 727, 734 (1972)). Therefore, the Amended Complaint plausibly alleges a cognizable legal interest—i.e., the desire of ALDF's members to view and enjoy animals kept in humane conditions. "But the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Id.* at 563 (quoting *Sierra Club*, 405 U.S. at 734–35). Put another way, "[a]bstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury . . . and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." (*Id.* at 579) quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983)).

The Court had previously dismissed the public nuisance claim because ALDF had alleged, at best, an abstract injury suffered by its members—i.e., risk of physical injury, risk of transmission of zoonotic disease, and being upset at what they saw at Farmers' Inn. (ECF No. 20 at 5–6). In the Amended Complaint, however, ALDF alleges that its members who visited the Farmers' Inn suffered an aesthetic injury, i.e., their enjoyment in viewing the animals was diminished, because of allegedly inadequate conditions of captivity. These allegations sufficiently establish that those members were "'directly' affected apart from their 'special interest in th[e] subject.'" *Id.* at 563 (quoting *Sierra Club*, 405 U.S. at 735). In this regard the Court notes that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* at 561 (quoting *National Wildlife Federation*, 497 U.S. 871, 889 (1990)). ALDF, however, goes a step further by substantiating these alleged aesthetic injuries

6

through the declarations of Ms. Bennet and Dr. Welsch which have been attached to the Amended Complaint.

In sum, the Amended Complaint plausibly alleges that ALDF's members who visited the Farmers' Inn (1) suffered an injury in fact—i.e., an aesthetic injury; (2) due to the allegedly inadequate conditions of captivity at Farmers' Inn and; (3) wish to return and enjoy those animals under improved conditions. Because all three elements of Article III standing—injury in fact, traceability to Farmers' Inn's challenged conduct, and redressability—are met, the Court is satisfied that ALDF has plausibly alleged that its individual members who visited Farmers' Inn have standing in their own right to pursue the public nuisance claim.

### B. ALDF Seeks to Protect Interests Germane to its Purpose

According to the Amended Complaint, ALDF's "organizational mission is to advance the interests and protect the lives of animals through the legal system." (ECF No. 37 ¶ 75). In light of the Court's determination that ALDF has plausibly alleged that its individual members who visited Farmer's Inn have standing to pursue the public nuisance claim, the second element is easily met because "the doctrine of associational standing recognizes that the primary reason people join an organization is often to create an effective vehicle for vindicating interests that they share with others." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Brock*, 477 U.S. 274, 290 (1986). Accordingly, the Court finds that the interests ALDF seeks to protect through the public nuisance claim—i.e., to improve the allegedly inadequate conditions of captivity at Farmers' Inn—is germane to its purpose.

### C. Participation of ALDF's Individual Members Is Not Required

Farmers' Inn contends that ALDF does not meet the third element of associational standing because in order to sustain a claim for public nuisance in Pennsylvania, "the plaintiff must have

7

suffered a special or peculiar harm, different from the harm suffered by the general public." (ECF No. 41 at 6) (quoting *Duquesne Light Company v. Pennsylvania American Water Company*, 850 A.2d 701, 704 (Pa. Super. Ct. 2004)). Farmers' Inn argues that direct participation of ALDF's individual members is therefore required to demonstrate the required "special or peculiar harm." (*Id.* at 8).

In this regard the Court makes two observations. First, the previous dismissal of ALDF's public nuisance claim was premised on the Court's finding that ALDF lacked Article III standing. This element of associational standing, however, is a prudential requirement "best seen as focusing on . . . matters of administrative convenience and efficiency, not on elements of a case or controversy within the meaning of the Constitution." *United Food*, 517 U.S. at 557. Second, Farmers' Inn's argument is untenable in any event because the relevant inquiry under the third element is whether "the nature of the claim and of the relief sought . . . make the individual participation of each injured party indispensable to proper resolution of the cause[.]" *Warth v. Seldin*, 422 U.S. 490, 511 (1975). Here, the Amended Complaint asserts aesthetic injuries suffered by ALDF's members who visited Farmers' Inn. Certainly, the participation of those members will be necessary to resolve any factual disputes regarding their visits, but that does not make them an indispensable party to this lawsuit. *See Hosp. Council of W. Pennsylvania v. City of Pittsburgh*, 949 F.2d 83, 89 (3d Cir. 1991) ("[A]n association may assert a claim that requires participation by *some* members."). Additionally, this is not a case that would require an individualized inquiry into the damages sustained by an association's members because ALDF seeks declaratory and injunctive relief. Accordingly, the Court finds that ALDF has met the third element of associational standing.

## IV. Conclusion

For the reasons discussed herein, the Court concludes that ALDF has Article III standing to pursue the public nuisance claim on behalf of its members. Therefore, Farmers' Inn's Motion to Dismiss (ECF No. 40) will be denied. An appropriate Order will follow.

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge

Dated: October 9, 2019