IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANIMAL LEGAL DEFENSE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 19-40 |
| | ) | |
| KIMBERLY ANN LUCAS, d/b/a | ) | |
| FARMERS INN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently pending before the Court is Plaintiff Animal Legal Defense Fund's ("ALDF")

Motion for Sanctions (ECF No. 109) in which it seeks sanctions for what it characterizes as

ongoing obstructive discovery behavior on the part of counsel for Kimberly Ann Lucas d/b/a

Farmers Inn ("Farmers Inn"). For the reasons that follow, ALDF's motion will be granted in part

and denied in part.

## I.  Relevant Procedural Background

ALDF's motion relates to the depositions of seven employees of Farmers Inn that were

taken by ALDF between November 2019 and August 2020. ALDF contends that the conduct of

Matthew Zwick, counsel for Farmers Inn, intentionally impeded and delayed their efforts to

conduct discovery with respect to these depositions. It alleges that in connection with the

depositions at issue, this conduct included speaking objections, instructing witnesses not to answer

questions for which no privilege was asserted, answering or clarifying questions posed by ALDF

to the witnesses, and other "improper deposition conduct." The latter includes asserting hundreds

of objections during individual depositions.

In its original motion, ALDF requested the right to reconvene all seven depositions to seek

responses to questions that it claims were disrupted by counsel's conduct and the imposition of

fees and costs associated with reconvening these depositions as well as fees and costs associated with the preparation of its motion for sanctions. Farmers Inn opposed the motion for sanctions on various grounds, including its contention that ALDF's motion had been filed merely to prolong this action and create additional expense and was untimely, and also ALDF failed to articulate any specific prejudice it allegedly sustained as a result of counsel's alleged conduct. (ECF No. 120.)

Although the motion for sanctions cited examples of the conduct that is the subject of the motion, ALDF did not identify the specific topic areas that it contends were disrupted by counsel for Farmers Inn. As a result, the Court asked ALDF to supplement its motion in order to specify by witness the deposition topics that were disrupted and identify the allegedly improper conduct regarding the questioning on these topics. (ECF No. 125.) In its Supplemental Request for Relief ("Supplemental Request"), ALDF identified these topics for each of the seven deponents as well as the conduct of counsel. (ECF No. 129.) ALDF also indicated, however, that it could pursue all of the identified topics through just two of the seven witnesses, Carrie Born ("Born") and Kegan Buzard ("Buzard").

In its Supplemental Response to ALDF's Supplemental Request, Farmers Inn reviews the testimony of Born and Buzard and notes that for the most part, ALDF failed to demonstrate that counsel interfered with their testimony regarding the topics on which ALDF seeks to depose them. (ECF No. 132.) Farmers Inn further contends that the person best suited to respond to all of the topics is Kimberly Lucas, the owner of Farmers Inn, whose deposition has not yet been taken.

## II.   **Discussion**

Objections to any aspect of a deposition are governed by Rule 30(c)(2) of the Federal Rules

of Civil Procedure, which provides that:

> An objection at the time of the examination—whether to evidence, to a party's conduct, to
> the officer's qualifications, to the manner of taking the deposition, or to any other aspect
> of the deposition—must be noted on the record, but the examination still proceeds; the
> testimony is taken subject to any objection. An objection must be stated concisely in a
> nonargumentative and nonsuggestive manner. A person may instruct a deponent not to
> answer only when necessary to preserve a privilege, to enforce a limitation ordered by the
> court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).  A court may impose sanctions, including reasonable expenses and

attorney's fees, on a person who impedes or frustrates the fair examination of a deponent.  Fed. R.

Civ. P. 30(d)(2).  "The decision to impose sanctions for discovery violations and any determination

as to what sanctions are appropriate are matters generally entrusted to the discretion of the district

court." *Bowers v. Nat'l Collegiate Athletics Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007).  As noted in

*Hall v. Clifton Precision, a Div. Of Litton Sys., Inc.*, 150 F.R.D. 525, 530-531 (E.D. Pa. 1993):

> The Federal Rules of Evidence contain no provision allowing lawyers to interrupt the trial
> testimony of a witness to make a statement. Such behavior should likewise be prohibited
> at depositions, since it tends to obstruct the taking of the witness's testimony. It should go
> without saying that lawyers are strictly prohibited from making any comments, either on
> or off the record, which might suggest or limit a witness's answer to an unobjectionable
> question.
>
> In short, depositions are to be limited to what they were and are intended to be: question-
> and-answer sessions between a lawyer and a witness aimed at uncovering the facts in a
> lawsuit. When a deposition becomes something other than that because of the strategic
> interruptions, suggestions, statements, and arguments of counsel, it not only becomes
> unnecessarily long, but it ceases to serve the purpose of the Federal Rules of Civil
> Procedure: to find and fix the truth.

ALDF has submitted excerpts from multiple depositions in which it contends that

inappropriate comments were interjected, witnesses were instructed not to answer questions with

the assertion of a privilege, speaking objections were made, and questions that were posed to the

3

witnesses were answered or clarified by defense counsel. In its Supplemental Request, ALDF identifies the topics for each deponent that it asserts that it was precluded from exploring. It then states that it would agree to reconvene only the depositions of Born and Buzard, each of whom are senior zookeepers at Farmers Inn, limited in time and scope to certain identified topics. ALDF does not indicate whether or not Born and Buzard were already questioned on these topics.

Farmers Inn essentially asserts that ALDF's examples are isolated, exaggerated and/or that counsel's objections were necessary and appropriate because of the nature of the questions posed. In addition, it notes that ALDF's motion was not timely brought. It further argues that ALDF has failed to show that it sustained any prejudice as a result of counsel's conduct or that it was not possible to explore any areas of inquiry. With respect to ALDF's offer in its Supplemental Response to only re-depose Born and Buzard on specified topics, Farmers Inn notes that for the most part, its counsel's alleged interference with questions on these topics relates to the depositions of other individuals, not to the depositions of Born or Buzard. Farmers Inn opposes reconvening these depositions as a "second bite of the apple" and contends that the most appropriate deponent for the identified topics is Kimberly Lucas. It also reiterates that ALDF has sustained no prejudice as a result of any conduct at the depositions at issue.

The Court has not been provided with the entire transcripts of the depositions at issue but has reviewed the submissions of both parties regarding the conduct of counsel for Farmers Inn. The sheer number of objections made by defense counsel in many of these depositions is unusual and likely to be inherently disruptive.[1] Excessive objections, unnecessary commentary, and repeated interruptions disrupt the orderly question and answer flow of a deposition and are obstructive to its purpose.

---

[1] By way of example only, ALDF represents that counsel for Farmers Inn made 565 objections during the deposition of Sally Zellonis, 187 during Born's deposition, and 170 during Buzard's deposition.

4

The Court finds that the conduct of counsel failed to comport on multiple occasions with Rule 30(c)(2) regarding the nature of objections to deposition testimony and/or basic concepts of courtesy and professionalism.  As the portions of the transcripts provided by ALDF reveal, and by way of example only, this conduct included multiple speaking objections in which counsel attempted to reframe, clarify or otherwise interfere with the witness' response to the question asked, even when the witness indicated that she understood the question.  (Klawuhn Deposition Transcript ("DT") at 20-22, 27-29, 34-35, 43-44, 52-55; Born DT at 199; Plyler DT at 23, 25.)  In addition, the deposition excerpts demonstrate instances where it appears that counsel raised his voice, told counsel for ALDF to "move on," stated that a question was "ridiculous", that counsel was on "a short leash," or made other unnecessary and gratuitous remarks.  (Born DT at 197-198; Carbaugh DT at 12-13; Plyler DT at 126, 133, 134, Zellonis DT at 251.)  Counsel also repeatedly made objections to questions that appeared to be both clear and relevant or were otherwise unnecessary given that all objections other than to form are preserved.  (Carbaugh DT at 75-76; Plyler DT at 132-133; Zellonis DT at 249, 252-253.)  Simply put, many of the objections made by counsel for Farmers Inn were not made concisely in a nonargumentative and nonsuggestive manner as Rule 30 requires.

Counsel are expected to conduct themselves courteously, professionally and in compliance with the Federal Rules of Civil Procedure.  When a pattern of behavior deviates from these standards, sanctions are appropriate, and here, the Court finds them to be warranted.  While Farmers Inn repeatedly states that ALDF has sustained no prejudice, it becomes impossible to determine if the conduct at issue did, or did not, impact the responses given by the witnesses or otherwise obstruct the depositions in question.  Moreover, the attempts by Farmers Inn to describe counsel's conduct as necessary or helpful, even if true on occasion, do not explain the gratuitous

comments, serial objections, speaking objections, and attempts to reframe, interfere with or otherwise influence the witness's testimony.

While Farmers Inn represents that Ms. Lucas can respond to all of the topics about which ALDF seeks to depose Born and Buzard, the fact that Ms. Lucas may have knowledge about these topics does not preclude discovery from other witnesses who may also possess personal knowledge. Any such knowledge may or may not be consistent with the testimony of Ms. Lucas. The very purpose of discovery is to fully explore all facts in the possession of the opposing party. At a minimum, counsel's conduct impeded that process.

At the same time, while ALDF's Supplemental Request provides information about issues regarding various depositions, it does not indicate that conduct by counsel inhibited inquiries to either Born or Buzard on most of the topics about which ALDF seeks to re-depose them.   In addition, while the Court's practices permit counsel to contact the Court if issues arise during a deposition, ALDF only attempted to do so on one occasion during one deposition, and while not dispositive, ALDF did not move for sanctions until well after many of these depositions were taken.

As such, ALDF's suggested solution is off the mark as it failed to show that the two witnesses it seeks to depose were even asked about the topics at issue, let alone that they were not permitted to answer questions about them.   Nonetheless, the topics identified in ALDF's supplement were the subject of improper conduct, and therefore, it is appropriate to permit further questioning about these topics.

Therefore, ALDF may, if it chooses to do so, re-convene the depositions of some or all of the seven deponents. Each of these depositions will be limited in scope to the topics identified in the Supplemental Response as to each witness and shall not exceed four hours in length.  For all

remaining depositions, included but not limited to those that are re-convened, counsel for Farmers Inn is directed to conduct himself at all times as an officer of the court, including compliance with the requirements of Rule 30(c)(2) of the Federal Rules of Civil Procedure.

Further, the Court finds that the imposition of monetary sanctions upon counsel for Farmers Inn is warranted for the conduct described herein, limited to reasonable fees associated with ALDF's preparation and presentation of the Motion for Sanctions only, and not to include the Supplemental Request. Counsel for ALDF shall submit a petition which outlines all such fees, including the tasks performed, the identity of the individual who performed the task, his or her hourly rate and the amount of time expended in each such task. After review of this petition, the Court will issue an order that imposes monetary sanctions.

SO ORDERED this 30th day of November, 2020:

PATRICIA L. DODGE
United States Magistrate Judge