IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANIMAL LEGAL DEFENSE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action 2:19-40 |
| | ) | |
| KIMBERLY ANN LUCAS, d/b/a | ) | |
| FARMERS' INN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

Plaintiff Animal Legal Defense Fund ("ALDF") has filed a Motion for Sanctions for Spoliation of Evidence ("Motion for Sanctions") (ECF No. 127) related to the destruction of evidence by Defendant Kimberly Ann Lucas d/b/a Farmers' Inn ("Farmers' Inn").

The Motion for Sanctions relates to certain events surrounding the death of Russell, a black leopard formerly in the possession of Farmers' Inn. According to ALDF, Farmers' Inn euthanized Russell without notice of its intent to do so and did not advise ALDF of his death until five weeks later. ALDF learned of Russell's death in July 2020 when Farmers' Inn produced certain documents that indicated that he had been euthanized. As such, ALDF claims, it was deprived of the opportunity to obtain independent testing and analysis regarding the cause of death, any underlying health conditions and/or whether Russell received adequate care and treatment by Farmers' Inn preceding his death.

ALDF notes that prior to Russell being euthanized, it had made several requests of Farmers' Inn to be notified of any deaths so that it could determine if it wished to conduct post-mortem testing, but Farmers' Inn did not respond to its requests. ALDF also asserts that its discovery directed to Farmers' Inn requested an inventory of animals, which Farmers' Inn

provided, but that Farmers' Inn did not comply with its duty to supplement its discovery response to update this inventory.

Because of its contention that euthanizing Russell without notice and failing to provide an opportunity to conduct any testing on his remains was intentional spoliation, ALDF seeks sanctions, including an adverse inference and attorneys' fees, as well as an order directing Farmers' Inn to provide notice of any animal deaths in the future and to provide ALDF with an opportunity to conduct post-mortem testing.

Farmers' Inn opposes ALDF's motion on multiple grounds.  It notes that despite knowing of the euthanasia of another animal in June 2019, ALDF did not assert a claim of spoliation or seek sanctions or other relief from the Court at that time.  Moreover, ALDF did not file the instant motion until several months after it learned of Russell's death.  Farmers' Inn also asserts that ALDF failed to cite to any specific rule or authority that would require Farmers' Inn to immediately notify it of the death of an animal in its care, and that it does not have the ability to preserve remains until such time that ALDF might be able to arrange a necropsy.  It argues that ALDF has never requested the ability to inspect animals in its care despite its allegations that various animals are receiving inadequate care or treatment.  Further, it argues, the request for an adverse inference is premature and should not be addressed until there is a complete record.

Given ALDF's allegations regarding the care and treatment of animals at Farmers' Inn, it is appropriate to establish a process for notification in the event of the death of an animal during the pendency of this lawsuit.  At the same time, the Court declines to require Farmers' Inn to purchase equipment or otherwise incur expenses to ensure that a deceased animal can be promptly examined by ALDF.  Therefore, Farmers' Inn, through its counsel, will be required to provide notice to counsel for ALDF within twenty-four hours of the death of any animal in its care.  At

that point, it will be the responsibility of ALDF to advise Farmers' Inn if it wishes to conduct an examination, testing or a necropsy, and if so, to make all necessary arrangements to do so at its sole expense.  This will include, but is not limited to, ALDF taking the necessary steps to adequately preserve the remains so that an examination can occur.

Farmers' Inn has a continuing duty to supplement its discovery responses and did not advise ALDF of Russell's death other than through providing discovery on a variety of topics five weeks later.  However, the parties did not have an agreement regarding immediate notice of an animal's death.  While recognizing that Farmers' Inn failed to respond to ALDF's requests for notice upon an animal's death, a fact that it does not explain in its response to the motion, ALDF did not promptly seek court intervention to establish a procedure for either evaluating the condition of a specific living animal or examining the remains of an animal who died or was euthanized. Therefore, while a procedure will now be established, the Court concludes that an award of attorneys' fees is not appropriate.

ALDF also seeks an adverse inference regarding Russell's death.  At this point, its motion will be denied without prejudice as premature and may be renewed upon the development of a full record, including the completion of all expert discovery.

Therefore, this 6th day of January, 2021, ALDF's Motion is GRANTED in part and DENIED in part. It is ORDERED that pending further order of court at a later stage in this action, Farmers' Inn, through its counsel, shall provide notice to counsel for ALDF within twenty-four hours of the death of any animal in its care.  Upon notice, ALDF shall advise Farmers' Inn if it intends to conduct a necropsy or other post-mortem testing and/or examination. If so, ALDF shall be required to make all necessary arrangements to do so at its sole expense, including any necessary steps to preserve the remains pending the necropsy, testing and/or examination.  In that

event, Farmers' Inn shall cooperate by making the remains available to a representative of ALDF. A representative of Farmers' Inn and its counsel may be present and observe any necropsy, testing and/or examination conducted by or on behalf of ALDF.  In the event that ALDF does not intend to conduct a necropsy, post-mortem testing and/or examination, Farmers' Inn may conduct its own independent necropsy, testing and/or examination at its sole expense as long as it provides adequate notice to ALDF through its counsel and provides a representative of ALDF and its counsel with the opportunity to be present and observe.  If both parties intend to conduct post-mortem examinations or testing, then each shall do so at their own expense; however, in that event, the cost of preserving the remains until examination and testing can be accomplished shall be borne equally.

It is further ORDERED that ALDF's motion for attorneys' fees is DENIED.  ALDF's motion for sanctions in which it requests an adverse inference is DENIED without prejudice to renew its motion for sanctions after the full development of the record, including the exchange of expert reports and the completion of expert discovery.

BY THE COURT:


s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge