IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, | ) |
| | ) |
| Plaintiff, | ) Civil Action 2:19-40 |
| | ) |
| vs. | ) |
| | ) |
| KIMBERLY ANN LUCAS d/b/a | ) |
| FARMERS' INN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Animal Legal Defense Fund ("ALDF") has filed a Motion to Exclude the Expert Testimony and Report of Dr. Michael Briggs ("Motion to Exclude"). (ECF No. 175). Dr. Briggs, a veterinarian, is being offered as an expert by Defendant Kimberly Ann Lucas, d/b/a Farmers' Inn ("Farmers' Inn"). ALDF contends that the opinions expressed by Dr. Briggs fail to meet the standards for expert testimony under Federal Rule of Evidence 702, as well as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. Farmers Inn opposes the Motion to Exclude, and this matter has been fully briefed. (ECF Nos. 179; 204-06).

For the reasons set forth below, ALDF's Motion to Exclude is granted in part and denied in part.

**I.   Relevant Factual and Procedural Background**

In this action, ALDF has brought claims under the Federal Endangered Species Act ("ESA") and for Pennsylvania common law public nuisance against Farmers' Inn. ALDF asserts that Farmers' Inn, which houses and displays for the public a variety of animals and birds near Sigel, Pennsylvania, fails to provide adequate veterinary care and animal husbandry for the

animals in its care. In support of its claims, ALDF submitted the expert reports of Dr. Valerie Johnson and Dr. Laura Boehler.

In turn, Farmers' Inn identified Michael Briggs, DVM, MS as an expert witness. Dr. Briggs submitted an expert report dated March 15, 2021 in which, generally speaking, he opines that Farmers' Inn "operates in an appropriate manner consistent with the applicable standard of care." (ECF No. 177-2, p. 35.)  Further, it is his opinion that the veterinary care that the animals at Farmers' Inn receive is consistent with generally accepted veterinary practices. (*Id.*) Dr. Briggs has been deposed by ALDF and has also submitted a Declaration. (ECF No. 206) in conjunction with Farmers' Inn's response to the Motion to Exclude.

ALDF seeks to exclude Dr. Briggs from providing any testimony or opinions on multiple grounds, including (1) he is not an expert regarding the topics on which he provides opinions; (2) his opinions are based on unreliable data; (3) his opinions lack any methodology and omit important facts; and (4) his opinions are not relevant.  These issues will be addressed below.

## II.   Overview of Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  It requires that a witness who qualifies as an expert through knowledge, experience, training or education may provide expert testimony and opinions so long as:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) that testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "The inquiry envisioned by Rule 702 is . . . a flexible one . . . [directed at] the scientific validity—and thus the evidentiary relevance and reliability—of . . . the proposed submission." *Daubert*, 509 U.S. at 594–95.

"District courts perform a gatekeeping function to ensure that expert testimony meets the requirements of Federal Rule of Evidence 702." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 80 (3d Cir. 2017). "As gatekeeper, a trial judge has three duties: (1) confirm the witness is a qualified expert; (2) check the proposed testimony is reliable and relates to matters requiring scientific, technical, or specialized knowledge; and (3) ensure the expert's testimony is 'sufficiently tied to the facts of the case,' so that it 'fits' the dispute and will assist the trier of fact." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020) (quoting *Daubert*, 509 U.S. at 591).

**III.    Discussion**

   A.  Qualifications of Dr. Briggs

ALDF argues that Dr. Briggs proffers opinions that are outside his professional experience and about which he has no expertise. It first asserts that despite offering opinions on the care provided to all species at Farmers' Inn, Dr. Briggs has not practiced as a primary care veterinarian at a zoo in more than fifteen years, has limited experience with exotic animals and has very little experience or training with caring for the majority of the animals exhibited at Farmers' Inn.

ALDF also contends that Dr. Briggs offers opinions on the behavioral needs of primates despite having no expertise regarding this issue. According to ALDF, Dr. Briggs not only has a lack of expertise regarding primates generally, but has no experience designing primate enrichment plans. Further, he has never worked at a facility that instituted social grouping in an environmental enhancement plan. In essence, ALDF argues that Dr. Briggs' opinions should be excluded because

his limited expertise renders his opinions unhelpful to the fact finder. Finally, because Dr. Briggs admits that he is not an expert regarding the type of wolves housed at Farmers' Inn or differences between wolves or hybrid wolves, ALDF asserts, his opinions on the care of wolves at Farmers' Inn are inadmissible.

Farmers' Inn disputes ALDF's contentions about Dr. Briggs' qualifications. It notes, among other things, that Dr. Briggs is a doctor of veterinary medicine and also has a masters' degree in veterinary medicine. He holds active veterinary licenses in a number of states. He has worked for more than thirty-five years in the zoo industry, including working with a number of Association of Zoos and Aquariums accredited institutions. His résumé reflects his training, experience, relevant memberships and awards and publications in the veterinary field. A Declaration he submitted (ECF No. 206) as part of Farmers' Inn's opposition to ALDF's motion further describes his work with a number of birds, primates and animals, including those species that are or have been housed at Farmers' Inn. He also declares, among other matters, that he has participated in the development of enrichment plans.

Farmers' Inn also points out that ALDF's argument that Dr. Briggs' experience is not "recent enough" is unavailing since ALDF does not articulate any standard for how recent an expert's experience must be. Further, it argues, ALDF's citation to his deposition testimony does not provide a complete picture of his qualifications, expertise or experience.

The Third Circuit has "eschewed imposing overly rigorous requirements of expertise and [has] been satisfied with more generalized qualifications." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994) (*Paoli II*). "[A] broad range of knowledge, skills, and training qualify an expert." *Id*. Additionally, "[i]t is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed

expert does not have the specialization that the court considers most appropriate." *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996)

The Court finds that Dr. Briggs is qualified to provide expert opinions in this case. He is a licensed veterinarian in a number of states, including Pennsylvania, and has worked in the zoo industry as a veterinarian, researcher, consultant, and general curator for a number of years. As reflected in his résumé, declaration and deposition testimony, he has substantial experience working with multiple species of animals and birds. ALDF's objections, including those based on assertions that his experience is not sufficiently recent or that he has not worked with all relevant species at the same level of involvement, does not render him disqualified. Further, his declaration provides additional information about his experience that fills in certain gaps in the questions asked or responses given during his deposition testimony.[1]

The Court concludes that Dr. Briggs is qualified to testify as an expert in this matter. While the issues raised by ALDF are appropriately probed through cross-examination, they go to the weight of his testimony, not its admissibility. Thus, ALDF has failed to show that Dr. Briggs' testimony and opinions should be excluded on this basis.

B.   Opinions Regarding the Public Perception and Community Role of Farmers' Inn

In his expert report, Dr. Briggs makes certain statements about the role a rural zoo, such as Farmers' Inn, plays in the community as a "local treasure" and a "unique and special learning center." (See, e.g., March 15, 2021 report at pp. 6, 7, 34; ECF No. 177-2, pp.7, 8, 35.) ALDF moves to exclude these opinions because they are non-scientific, not based on any public input and lacking in the necessary expertise. Farmers' Inn counters that because of his experience, Dr.

---

[1] ALDF has not objected to or moved to exclude consideration of Dr. Briggs' Declaration.

Briggs is well-qualified to opine on the role of small rural zoos and their ability to foster an appreciation in wildlife.

The "fit" requirement "goes primarily to relevance." *In re TMI Litig.,* 193 F.3d 613, 663 (3d Cir. 1999), *amended,* 199 F.3d 158 (3d Cir. 2000). (quoting *Daubert*, 509 U.S. at 591). Thus, the inquiry in assessing "fit" is "whether an expert's testimony . . . 'will help the trier of fact to understand the evidence or to determine a fact in issue.'" *Id.* (quoting Fed. R. Evid. 702(a)).

The proposed testimony does not relate to matters requiring scientific, technical, or specialized knowledge. Notably, in conjunction with its partial motion for summary judgment, Farmers' Inn submitted testimony from various lay witnesses and members of the community to the same effect, i.e., that Farmers' Inn is a "treasured community resource," a "focal point" in the community," "one of the highlights of Jefferson County" and "a real asset to our community." (see, e.g., ECF No. 180, ¶¶ 47, 53, 57-59.) Thus, whether Farmers' Inn serves a vital role in the community, is enjoyed by the local community or provides opportunities to interact with animals are not topics that require expert testimony. Simply put, Dr. Briggs' opinions regarding these issues do not "fit" because they would not help the fact finder to determine a fact at issue. *UGI Sunbury*, 949 F.3d at 835; Fed. R. Evid. 702(a).

Therefore, all of Dr. Briggs' opinions regarding the role of Farmers' Inn in the community will be excluded.

C. Reliance on Data Supplied by Kimberly Lucas

ALDF also argues that because Dr. Briggs relies solely upon his discussions with Kimberly Lucas, the owner of Farmers' Inn, as the basis for his opinions, his testimony must be excluded. According to ALDF, his reliance on the hearsay statements made by Ms. Lucas is inherently unreliable because her statements about the nature of veterinary care and enrichment provided to

animals at Farmers' Inn were the exclusive bases of Dr. Briggs' opinions on these issues and his rebuttal of certain facts on which ALDF's experts rely. Thus, it argues, because Ms. Lucas is not a veterinarian or expert on these matters, Dr. Briggs lacked "good grounds" to exclusively rely on her statements and should have performed an independent investigation of these matters.

In opposing ALDF's position, Farmers' Inn notes that an expert may rely on out of court statements as long as it is the type of evidence on which experts typically rely and there are "good grounds" to do so. *See In re TMI Litigation,* 193 F.3d 613, 697 (3d Cir. 1999). It points out that as Ms. Lucas is the owner of Farmers' Inn and has substantial involvement in its day-to-day operations, it would have been inappropriate *not* to interview her. Moreover, Dr. Briggs did not rely solely on Ms. Lucas' information, but also reviewed other data, including Farmers' Inn records, veterinary records, inspection reports and the deposition of Dr. Benjamin Wise. He also conducted an inspection of the facility in December 2020, attended a second visit and interviewed Dr. Wise.

"[T]he evidentiary requirement of reliability is lower than the merits standard of correctness." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) An expert's testimony need not have "the best foundation" or be "supported by the best methodology or unassailable research." *Id.* at 834 (quoting *Karlo*, 849 F.3d at 81). Instead, admissibility of an expert's opinions turns on "whether the expert's testimony is supported by good grounds." *Id*. (quoting *Karlo*, 849 F.3d at 81); *see In re Paoli R.R. Yard PCB Lit.*, 35 F.3d at 746 ("[T]he issue is whether the evidence should be excluded because the flaw is large enough that the expert lacks good grounds for his or her conclusions."). In undertaking this inquiry, "[e]ach aspect of the expert's opinion 'must be evaluated practically and flexibly without bright-line exclusionary (or inclusionary) rules.'" *Karlo*, 849 F.3d at 81 (quoting *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 291 (3d Cir. 2012)).

Farmers' Inn is correct that experts may rely on out of court statements if they have an appropriate basis to do so. Fed. R. Evid. 705. With respect to some matters, as it relates to Dr. Briggs' investigation of the facts, there was no other source of information on which to rely other than Ms. Lucas (for example, visual observations she personally made regarding facility conditions or an animal's conduct on a particular occasion, the history of Farmers' Inn, the management of the facility, the absence of documentation regarding certain matters). Moreover, it is not disputed that Dr. Briggs also conducted his own investigation. Thus, the central issue is whether the investigation he performed was sufficient in order to render opinions that have "good grounds."

As discussed in ALDF's motion, Dr. Briggs did not, in every instance, undertake efforts to confirm Ms. Lucas' statements when it was possible to do so, and he may have "missed" certain information or otherwise "changed course." Thus, he may not have the "best foundation" for all of his opinions. At the same time, however, an expert is not held to a standard of absolute certainty or correctness. Moreover, he or she can rely on hearsay as long as it is the type on which experts typically rely.

Dr. Briggs' reliance on the information provided by Ms. Lucas, coupled with his own investigation, is sufficient to meet the reliability standard. Thus, the Court concludes that the legitimate issues raised by ALDF go to the weight of Dr. Briggs' testimony, not its admissibility, and are appropriately tested through vigorous cross examination.

D. <u>Methodology, Other Reliability Issues and Relevance</u>

An expert's testimony must be "based on the methods and procedures of science, not on subjective belief and unsupported speculation." *UGI Sunbury*, 949 F.3d at 833–34 (quoting *Karlo*, 849 F.3d at 80–81). ALDF argues that Dr. Briggs' opinions are unreliable because they are not

based on any testing or methodology and are not connected to the facts in this case. ALDF asserts that Dr. Briggs' assessment on the staff's ability to care for the animals at Farmers' Inn is inadequate because it was based only on the history of the facility and on his brief observations of one caregiver. ALDF notes that Dr. Briggs did not review the depositions of any of the Farmers' Inn employees or speak with them, nor does he know if or how they became knowledgeable about the animals.

Further, ALDF contends, Dr. Briggs does not know if or how Ms. Lucas gained the requisite knowledge to provide adequate enclosures for the animals and lacked sufficient knowledge about the veterinary care provide by Dr. Wise, including the care provided to specific animals. In addition, his opinions about the cause of the pacing/stress observed by ALDF's experts during their site visit are not tied to any methodology and were not tested.

ALDF also questions Dr. Brigg's opinions regarding compliance with standards of the United States Department of Agriculture ("USDA") and the Pennsylvania Game Commission ("PGC"), noting that he has no knowledge of their interactions with Farmers' Inn or the specific knowledge of these agencies about Farmers' Inn.

In turn, Farmers' Inn states that Dr. Briggs' methodology consisted of inspecting the facility and observing the staff's interactions with the animals, interviewing Ms. Lucas and Dr. Wise as well as reviewing their depositions, and reviewing records from Farmers' Inn and Dr. Wise, inspection reports of USDA and PGC, necropsy records and specialist veterinary clinic records. According to Farmers' Inn, Dr. Briggs then applied his expertise and experience to these facts in order to render his opinions about the standard of care. He did not render, nor was he asked to render, opinions about the cause of specific injuries. He opined, based on his expertise, that the animal enclosures are within the standard of care and are compliant with USDA and PGC standards

with which he is familiar.  Based on his investigation, he further stated his opinion that the veterinary care provided by the Wise Clinic and as necessary, specialty veterinary clinics, meets the standard of care, even while acknowledging that some cases could have been handled better or differently. Further, Farmers' Inn notes, Dr. Briggs has personal knowledge of the USDA's enforcement program. As stated in his report, the program of veterinary care at Farmers' Inn has been approved by the USDA and Farmers' Inn has passed all of their inspections and is in compliance with its requirements.  Thus, it argues, Dr. Briggs is not required to interview USDA or PGC personnel in order to testify about whether Farmers' Inn meets their standards.  Moreover, based upon the issues in this case, his opinions are an appropriate mix of science and non-science.

Having reviewed the submissions by both parties, the Court concludes that while ALDF has identified bases upon which to challenge Dr. Briggs' findings and conclusions at trial, he has, in fact, used an identifiable methodology.  He conducted relevant fact finding through interviews, records review and site visits, evaluated the veterinary care provided and considered the relevant USDA and PBC standards and their inspections of Farmers' Inn, and then applied his findings, evaluations and expertise to the issues in this case.  Based on this methodology, he rendered certain opinions about adequacy of the animal husbandry and veterinary care provided to the animals at Farmers' Inn. His opinions are not based on "subjective belief or unsupported speculation." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d at 742.

Moreover, while ALDF argues that Dr. Briggs' testimony is unreliable because it disputes certain facts on which Dr. Briggs relies, an expert may base his opinion on disputed facts, which then becomes an appropriate subject for cross-examination. *See Stecyk v.Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002). "A party confronted with an adverse expert witness who has sufficient, though perhaps not overwhelming, facts and assumptions as the basis for his opinion

10

can highlight those weaknesses through effective cross-examination. *Id.* at 414-15 (citations omitted).

Thus, the methodology and the bases for Dr. Briggs' opinions are sufficiently reliable to be admissible and are relevant to the issues in this case. ALDF may challenge any of his opinions or the grounds for such opinions through cross-examination at trial.

### IV.     Conclusion

For these reasons, ALDF's Motion to Exclude Expert Testimony and Report of Dr. Michael Briggs is GRANTED with respect to Dr. Briggs' opinions and testimony regarding the role of Farmers' Inn in the community as summarized on page six of his March 15, 2021 report (ECF No. 177-2). All such opinions and testimony are excluded.

ALDF's motion is otherwise DENIED.


Dated:  August 27, 2021                                BY THE COURT:


                                                       s/ Patricia L Dodge
                                                       PATRICIA L. DODGE
                                                       United States Magistrate Judge