IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action 2:19-40 |
| vs. | ) |
| | ) |
| KIMBERLY ANN LUCAS, d/b/a | ) |
| FARMERS' INN, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM ORDER</u>**

After granting in part the Motion for Sanctions of Plaintiff Animal Legal Defense Fund ("ALDF"), the Court found that the imposition of monetary sanctions upon counsel for Defendant Kimberly Ann Lucas, d/b/a Farmers' Inn ("Farmers' Inn"), was warranted and directed ALDF to submit a petition for fees associated with ALDF's preparation and presentation of its Motion for Sanctions. ALDF subsequently submitted its Petition for Fees (ECF Nos. 146, 147).

ALDF's petition seeks an award of attorneys' fees and provides detailed information regarding the work performed, by whom the work was performed and the hourly rates of each professional. Farmers' Inn argues that the number of billable hours is redundant and unreasonable and that the hourly rates of ALDF's attorneys are unjustified and unreasonable.

According to the information provided by ALDF, four attorneys performed professional services associated with the preparation and presentation of the motion for sanctions, three of whom are staff attorneys at ALDF. As reflected in the Summary of Fees attached as Exhibit G to its petition (ECF 147-8), the four attorneys representing ALDF provided legal services that total $12,051.90 in fees. This sum was calculated by multiplying the hours spent by each attorney by their respective hourly rate. Each of the attorneys has filed a declaration in which he or she certifies

the number of hours that were spent in working on the motion for sanctions and states that the hours are "fair, reasonable and were necessary . . ."

The lodestar approach is appropriately used to examine the reasonableness of total billings in this matter. *See Pub. Int. Rsch. Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179 (3d Cir. 1995). It is the product of the hours reasonably expended and the hourly billing rate for the legal services rendered. *Id*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

"When considering whether rates charges are reasonable, courts within the Third Circuit follow the 'forum rate rule,' which provides that a court shall rely upon prevailing hourly rates in the district to determine whether charges are reasonable." *LabMD, Inc. v. Tiversa Holding Corp.*, Civ. A. No. 15-92, 2020 WL 1170796, at *3 (W.D. Pa. Mar. 11, 2020) (quoting *ThermoLife Int'l, LLC v. D.P.S. Nutrition, Inc.*, Civ. A. No. 15-273, 2016 WL 6916777, at *4 (W.D. Pa. Feb. 5, 2016)). "In order to determine the prevailing market rates, the [c]ourt must assess the 'experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *ThermoLife Int'l, LLC*, 2016 WL 6916777, at *4). "[T]he attorney's normal billing rate is an appropriate baseline for assessing the reasonableness of the rate requested." *Id.* (quoting *Chaney v. HVL, LLC*, Civ. A. No. 11-0833, 2012 WL 5990124, at *1 (W.D. Pa. Nov. 30, 2012)). Courts may also consider the complexity of the issues involved and the attorneys' quality of work. *Endurance Am. Specialty Ins. Co. v. Hosp. Supportive Sys. LLC*, Civ. A. No. 17-3983, 2018 WL 3861808, at *3 (E.D. Pa. Aug. 14, 2018). Moreover, as ALDF states, the Court may use her own experience with the case and in the practice of law to assess the reasonableness of a fee award.

The background and experience of each ALDF attorney is provided in Exhibit A to the petition (ECF 147-2), as well as in Exhibits B, C, D and E (ECF 147-3 through 6). Attorney Moran supplied a declaration (ECF 147-3), in support of ALDF's petition in which she asserts that the hourly rate charged by each of the billing attorneys is similar to the rates charged by other Pittsburgh law firms for attorneys with comparable levels of experience. Based upon its review of these exhibits, the Court concludes that ALDF has submitted sufficient evidence to support the hourly rates of each ALDF attorney as the prevailing rates in the Pittsburgh community for attorneys of their practice areas and experience in comparable law firms.[1]

"With regard to the hours worked, the Court must 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Gittins v. Gateway Clipper Inc.*, Civ. 2:16-cv-00757, 2021 WL 1232421, at *14 (W.D. Pa. Mar. 12, 2021) (quoting *Pub. Int. Rsch Grp. of N.J., Inc.*, 51 F.3d at 1188). Furthermore, "[a]s the hourly rate demanded goes up, there should be a corresponding decrease in the amount of time required to accomplish necessary tasks, due to counsel's experience and expertise." *Sandvik Intellectual Prop. AB v. Kennametal Inc.*, Civ. A. No. 02:10-cv-000654, 2013 WL 141193, at *6 (W.D. Pa. Jan. 11, 2013). "It bears noting that the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party." *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989) (citations omitted).

---

[1] While Defendant contested the reasonableness of the hourly rates of ALDF's counsel, its citation to rates charged in the Middle District of Pennsylvania is not controlling here.

The Court has reviewed each billing entry, including the nature of the service performed, the time spent in doing so, the professional who performed the work and the hourly rates for each such service. Further, the Court has considered Defendant's objections, including the contention that some of the time and/or work was unnecessary or excessive. The Court has also conducted its review in light of the fact that the primary purpose of an attorneys' fees award related to discovery abuses is to deter Defendant's counsel from further conduct of the nature that formed the basis for sanctions.

A review of the summary of fees reveals that a total of thirty hours was spent in preparing and presenting the motion for sanctions and supporting brief. The Court has carefully reviewed the descriptions of the work performed, the identity of the attorneys performing such work and the hours spent on each task. The Court has no reason to doubt that counsel employed their best efforts in this work. At the same time, however, there were four attorneys involved in various tasks and ALDF has not shown that this was necessary under these circumstances. Of particular note is that 17.0 hours of work by three attorneys was devoted to drafting and revising the motion and brief.

Further, the Court concludes a sanction of more than $12,000 for defense counsel's misconduct is an excessive deterrent under the circumstances. Notably, the Court has not been advised that counsel for Defendant has engaged in similar improper practices in the depositions that have been taken after the motion for sanctions was granted.

As a result, with respect to the preparation of the motion and brief itself, the Court will only award fees related to the work of Ms. Foley, who was the principal drafter of the motion and brief. While both Ms. Foley and other counsel made multiple revisions thereafter, the Court concludes that the 6.6 hours spent by Ms. Foley in the initial drafting is reasonable. Further, the while it was necessary to review the depositions regarding counsel's conduct, it was inefficient to

have an attorney conduct this review when it could have been accomplished by a paralegal with adequate instructions. Thus, the Court declines to award attorneys' fees for this work. With respect to the legal research by Mr. Flint, the Court concludes that a total of 3.0 hours is reasonable for conducting and communicating the results of this research as it was not necessary to review previously filed motions. However, because this research is not complex, a less experienced attorney with a lower hourly rate could have been utilized, so the Court will use the rate of $335.00, which is the rate reflected in Exhibit F to the Petition for a first year associate (ECF 147-7). The Court will also award fees associated with Ms. Moran's preparation for and attendance at the hearing, but not for coordinating service of the video exhibits, as this task could have been performed by an administrative assistant and does not require legal training. Thus, 2.3 hours of time will be awarded for these efforts.

For these reasons, the Court will award $4,395.50 as a monetary sanction against counsel for Defendant, consisting of the following:

1. Work performed by Jessica Moran in preparing for and attending the hearing: 2.3 hours at $355.00 per hour for a total of $816.50;

2. Legal research by Ariel Flint: 3.0 hours at the hourly rate of $335.00 for a total of $1005.00; and

3. Work performed by Caitlin Foley in drafting the motion and brief: 6.6 hours at $390.00 per hour for a total of $2,574.00.

Therefore, this 30th day of September 2021, it is ORDERED that the law firm of Zwick & Zwick LLP shall pay to Animal Legal Defense Fund the sum of $4,395.50 within thirty days of the date of this order.

BY THE COURT:


s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge