IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANIMAL LEGAL DEFENSE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 19-40 |
| | ) | |
| KIMBERLY ANN LUCAS, d/b/a FARMERS' INN, | ) | |
| | ) | Magistrate Judge Dodge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Animal Legal Defense Fund ("ALDF") brings this action against Defendant Kimberly Ann Lucas d/b/a Farmers' Inn ("Farmers' Inn"), alleging that it fails to provide adequate husbandry and veterinary care to the exotic animals in its custody at its facility in Jefferson County, Pennsylvania. Specifically, ALDF alleges that Farmers' Inn's treatment of the animals constitutes a public nuisance under Pennsylvania law and that it has violated the Endangered Species Act, 16 U.S.C. §§ 1531-44 ("ESA") by unlawfully "taking" endangered species, unlawfully possessing protected species and unlawfully transporting endangered species in interstate commerce.

Currently pending before the Court for disposition is Farmers' Inn's Motion to Certify Summary Judgment Order for Interlocutory Appeal and to Stay Proceedings (ECF No. 265). For the reasons that follow, the motion will be denied.

### I.   Relevant Procedural History

On March 31, 2022, the Court issued a Memorandum Opinion and Order that granted Farmers' Inn's motion for summary judgment insofar as it sought dismissal of ALDF's public nuisance claim and denied the motion in all other respects (ECF Nos. 240, 241).

On April 28, 2022, ALDF filed a motion for reconsideration of this ruling (ECF No. 247). On November 1, 2022, the Court issued a Memorandum Opinion and Order that granted ALDF's motion and reinstated the public nuisance claim (ECF Nos. 262, 263).

On November 21, 2022, Farmers' Inn filed the motion under consideration (ECF No. 265), which ALDF opposes (ECF No. 271).

## II.   Discussion

### A.   Standard of Review

The standard for allowing an interlocutory appeal is as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). This decision is within the Court's discretion and "the burden is on the movant to demonstrate that a 1292(b) appeal is warranted." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citation omitted).

Thus, the issues to be determined with respect to Farmers' Inn's pending motion are: (1) whether the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1973) (citation omitted). The moving party must demonstrate that all of these elements are met, *Katz, id.*, and even then, the court should be "mindful of the policy

against piecemeal appeals." *Orson,* 867 F. Supp. at 321. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (interlocutory review is reserved for "exceptional" cases).

      B.   <u>Controlling Question of Law</u>

A controlling question of law "must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. However, it can also include a question that is "serious to the conduct of the litigation either practically or legally." *Id.*

Farmers' Inn contends that the issue of whether ALDF can maintain a public nuisance claim in this context—a private menagerie which causes only aesthetic injury based on the treatment of the animals—presents a controlling question of law because it is a pure legal question that is novel.

ALDF responds that, although a reversal of the Court's decision would eliminate the public nuisance claim, the issue is not a "pure" question of law because it involves the application of settled law to the facts of this case. *See McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) ("The term 'question of law' does not mean the application of settled law to fact.") (citation omitted); *see also Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) (although the appeal of a summary judgment decision "presents a question of law (namely whether the opponent of the motion has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion . . . Section 1292(b) was not intended to make denials of summary judgment routinely appealable  . . . A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.") ALDF has correctly characterized the issue.

Farmers' Inn also appears to suggest that this Court stated that the distinction between a motion to dismiss and a motion for summary judgment was not "important" or "relevant" in a

public nuisance claim and that this presents a controlling question of law. ALDF responds that Farmers' Inn has misrepresented what the Court held. Rather, it contends that the Court discussed *Kuhns v. City of Allentown*, 636 F. Supp. 2d 418 (E.D. Pa. 2009), for the proposition that "the fact that other visitors to Farmers' Inn theoretically might be as upset as Mrs. Bennett upon viewing the treatment of the animals does not mean that her declaration cannot establish special injury." When Farmers' Inn pointed out that *Kuhns* was decided on a motion to dismiss, the Court held that this distinction "is not relevant to the issue of whether Mrs. Bennett's declaration can support a claim for public nuisance based on special injury." (Mem. Op. at 9.)

ALDF is correct that Farmers' Inn has misstated the issue. The Court did not hold that the distinction between a motion to dismiss and a motion for summary judgment is not relevant to a public nuisance claim, only that Farmers' Inn's attempt to distinguish the reasoning of the court in *Kuhns* based on the fact that it was decided on a motion to dismiss was improper. *See Koken v. Pension Benefit Guar. Corp.*, 381 F. Supp. 2d 437, 441-42 (E.D. Pa. 2005) (denying motion for interlocutory appeal because the "question proposed by the Commissioner is fundamentally flawed because it does not reflect the issues decided by the Court.")

The Court concludes that Farmers' Inn has not pointed to a controlling question of law. In addition, the other two requisite factors do not support Farmers' Inn's request for interlocutory appeal.

### C.  Substantial Ground for Difference of Opinion

Farmers' Inn argues that, because there is a "sharp contrast" between this Court's initial opinion on the issue and the opinion on the motion for reconsideration, there is substantial ground for difference of opinion. However, it cites no authority in support of this position, which counterintuitively suggests that every time a motion for reconsideration is granted, a substantial

ground for difference of opinion has been created which justifies an interlocutory appeal.

The movant "has the burden of showing [that] 'different courts have issued conflicting and contradictory opinions when interpreting a particular question of law.'" *Glover v. Udren*, 2013 WL 3072377, at *3 (W.D. Pa. June 18, 2013) (citation omitted). Two opinions from the same court on the same issue do not create "a substantial ground for difference of opinion." Nor is it significant that Farmers' Inn describes the issue as "novel." As Judge Horan recently observed,  an issue of first impression "by itself is not enough to certify the Court's Opinion and Order for interlocutory appeal." *Doe I v. UPMC*, 2020 WL 5742685, at *3 (W.D. Pa. Sept. 25, 2020). *See also Complaint of Imperial Towing Inc.*, 2012 WL 6460068, at *2 (W.D. Pa. Dec. 13, 2012) (same).

Therefore, this factor weighs against certifying the issue for interlocutory appeal.

        D.   <u>Whether an Immediate Appeal Materially Advances the Litigation</u>

"In determining whether certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson*, 867 F. Supp. at 322.

Farmers' Inn asserts that a trial with the public nuisance claim will take much longer than a trial without this claim. Nevertheless, if the Court of Appeals were to reverse this Court on interlocutory appeal, a trial would still be necessary and, ALDF contends, would involve a significant number of overlapping complex issues, including many of the same witnesses and evidentiary issues.

"Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set."

*Katz v. Live Nation, Inc.* 2010 WL 3522792, at \*3 (D.N.J. Sept. 2, 2010) (citing *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1004 (D.N.J. 1996)). On the other hand: "Where discovery is complete and the case is ready for trial an interlocutory appeal can hardly advance the ultimate termination of the litigation." *Rottmund v. Continental Assur. Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992) (citation omitted).

This case is not in its early stages. On the contrary, discovery is complete, dispositive motions have been decided, expert reports have been prepared and exchanged and all other pretrial matters, including setting a date for the commencement of a trial, are in the process of being scheduled. As ALDF notes, an interlocutory appeal will only result in a delay of the resolution of this case. Thus, this factor does not weigh in favor of interlocutory appeal.

Finally, even if all three statutory requirements were met, Farmers' Inn has not identified any special circumstances that would warrant the exercise of this Court's discretion in making an exception to the general policy against piecemeal litigation. *See U.S. v. Nixon*, 418 U.S. 683, 690 (1974).

For these reasons, Farmers' Inn's motion for interlocutory appeal will be denied.

Farmers' Inn requested that the Court stay this action while the interlocutory appeal is decided in order to avoid multiple trials and to reduce the issues for trial. For the reasons cited above, Farmers' Inn has not demonstrated that any issue in this case should be certified to the Court of Appeals for interlocutory appeal. Therefore, there is no basis for this Court to stay the proceedings and this motion will be denied.

## III.    Conclusion

Therefore, Farmers' Inn's Motion to Certify Summary Judgment Order for Interlocutory Appeal and to Stay Proceedings (ECF No. 265) will be denied.

An appropriate order follows.

Dated: December 14, 2022

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge